UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW FLORES, *et al.*,<br><br>             Plaintiffs,<br><br>      v.<br><br>GINA M. AUSTIN, *et al.*,<br><br>             Defendants. | Case No. 20-cv-656-BAS-MDD<br><br>**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>**[ECF Nos. 2]** |

      Plaintiffs Andrew Flores, Amy Sherlock, and Jane Doe filed a 173-page complaint against 38 defendants. (ECF No. 1.) They allege civil rights violations under 42 U.S.C. § 1983, make a "neglect to perform wrongful act" cause of action, and seek various forms of declaratory relief. The complaint is almost impossible to summarize due to its length and confusing nature.

      Plaintiffs also filed a motion for temporary restraining order ("TRO"). (ECF No. 2-1.) Plaintiffs seek six forms of relief in the motion, including requests for orders to show cause, sanctions, and orders compelling various Defendants' appearances. The motion contains no support behind these latter requests; thus, the Court only analyzes the motion for temporary restraining order. Plaintiffs seek a TRO on their declaratory relief cause of action—that the judgment in *Larry Geraci*

*v. Darryl Cotton*, San Diego County Superior Court, Case No. 37-2017- 00010073-CU-BC-CTL (what Plaintiffs call "*Cotton I*") is void "pursuant to the equitable doctrine of a fraud on the court." (ECF No. 2-1, at 18.)

      Pursuant to Federal Rule of Civil Procedure 65, the court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition;" and "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b). Plaintiffs have not provided any Defendant notice of the motion for TRO, and the Rule 65(b) requirements have not been met. Instead, Plaintiffs claim in their notice of motion that "the granting of this Application without notice to defendants is appropriate in order to not allow [Defendant Aaron] Magagna time to consummate the sale of the District Four CUP or to allow defendants time to threaten, coerce or intimidate [Defendant Corina] Young from providing her testimony or into committing perjury." (ECF No. 2, at 3.) This reasoning is unclear, and in any event, these are not specific facts made in an affidavit, nor has Plaintiffs' attorney (who is Flores) certified in writing why notice should not be required. Thus, the Court **DENIES** the Motion for Temporary Restraining Order without prejudice. (ECF No. 2.)

      **IT IS SO ORDERED.**

**DATED: April 20, 2020**

Hon. Cynthia Bashant
United States District Judge