UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Flores et al.,<br><br>            Plaintiffs,<br><br>v.<br><br>Austin et al.,<br><br>            Defendants. | Case No.: 20cv656-JO-DEB<br><br>**ORDER DENYING EX PARTE MOTION FOR RECONSIDERATION AND ORDERING PLAINTIFFS TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE** |

On March 23, 2022, the Court granted motions to dismiss Defendants Judge Joel R. Wohlfeil, Michael Weinstein, Scott H. Toothacre, Elyssa Kulas, Rachel M. Prendergast, and Ferris & Britton, APC from this action with prejudice on grounds of judicial immunity and *Noerr-Pennington* immunity. Dkt. 39 ("Dismissal Order"). The Court dismissed the First Amended Complaint against the remaining defendants in this action without prejudice for lack of standing and granted Plaintiffs leave to file an amended complaint by May 11, 2022. *Id.* Since the March 23, 2022 Dismissal Order, Plaintiffs have neither complied with the Court's order to file their amended complaint by the deadline nor requested an extension of time to do so. On October 12, 2022, Plaintiffs filed an "Ex Parte Application

for Order Shortening Time on (1) Motion to Vacate Order or, Alternatively, (2) a Stay of Action," arguing that newly discovered evidence in the form of the City of San Diego public records proves the conspiracy they allege. Dkt. 43. The Court construes this application as a motion for reconsideration of its Dismissal Order pursuant to Federal Rule of Civil Procedure 60 based on newly discovered evidence.

The Court denies Plaintiffs' *ex parte* motion for reconsideration because they have failed to demonstrate that newly discovered evidence would change the outcome of the Court's previous ruling.[1] Newly discovered evidence warrants relief under Federal Rule of Civil Procedure 60(b)(2) if "(1) the moving party can show the evidence relied on in fact constitutes 'newly discovered evidence' within the meaning of Rule 60(b); (2) the moving party exercised due diligence to discover this evidence; and (3) the newly discovered evidence must be of 'such magnitude that production of it earlier would have been likely to change the disposition of the case.'" *Feature Realty, Inc. v. City of Spokane*, 331 F.3d 1082, 1093 (9th Cir. 2003) (quoting *Coastal Transfer Co. v. Toyota Motor Sales, U.S.A., Inc.*, 833 F.2d 208, 211 (9th Cir. 1987)). Here, Plaintiffs argue that the newly discovered records prove that the alleged conspiracy occurred:

> Stated in plain words, the new evidence—records of the City of San Diego's Development Services Department (DSD)—provides conclusive proof that defendants have conspired to illegally acquire ownership interests in cannabis businesses. And in furtherance of that conspiracy, highly probably had a role in the death of Michael Sherlock, the husband and father of the Sherlock Family. Dkt. 43 at 2–3.

Because the Court's Dismissal Order was not based on the lack of proof that the conspiracy occurred, this new evidence would not change its order. The Court dismissed the judge defendant because he was entitled to immunity for actions taken in exercising his judicial duties. The Court dismissed the lawyer and law firm defendants because they too were entitled to immunity for their actions during the course of litigation. Finally, the Court

---

[1] Plaintiffs have also failed to establish that mistake, fraud, or any other ground warrants reconsideration of the Court's previous ruling.

dismissed Plaintiffs' complaint for lack of standing because they failed to plead how they were injured by the conspiracy surrounding the property of his friend, Darryl Cotton.  None of the above decisions relied on the lack of evidence to prove the conspiracy so this newly discovered evidence could not change the Court's ruling.  Accordingly, Plaintiffs' motion [Dkt. 43] is DENIED.

Moreover, because Plaintiffs have failed to file an amended complaint by the Court ordered deadline, the Court ORDERS PLAINTIFFS TO SHOW CAUSE why the case should not be dismissed for failure to prosecute.  Plaintiffs may file a written response to the Order to Show Cause on or before **November 9, 2022**.  The Court sets the hearing on the Order to Show Cause for **November 9, 2022, at 9:00 am**.  Unless otherwise directed by the Court, there shall be no oral argument and no personal appearances are necessary.  Failure to timely respond to this Order will result in dismissal of the action.

**IT IS SO ORDERED**.

Dated:  October 19, 2022

_____
Honorable Jinsook Ohta
United States District Judge