UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Flores et al.,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>Austin et al.,<br><br>　　　　Defendants. | Case No.: 20cv656-JO-DEB<br><br>**ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE** |

On October 19, 2022, the Court ordered Plaintiffs to show cause why the case should not be dismissed for failure to prosecute on the grounds that Plaintiffs failed to file an amended complaint by the May 11, 2022 deadline. Dkt. 48 (Order to Show Cause). On November 9, 2022, Plaintiffs timely filed a response to the Order to Show Cause. Dkt. 49 (Response). Plaintiffs' Response stated that counsel failed to file an amended complaint because "multiple federal judges including this Court had already failed to find the subject state court judgments are void and he believed they were telegraphing their intent that the state courts should find the state court judgments void in order to not embarrass the state

court judges." Response at 2. Plaintiffs do not ask for an extension of time to file an amended complaint. *Id.*

Federal Rule of Civil Procedure 41(b) governs involuntary dismissal. "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Before dismissing under Rule 41(b), a district court must weigh five "essential factors": "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423–24 (9th Cir. 1986). "A dismissal for lack of prosecution must be supported by a showing of unreasonable delay," which "creates a presumption of injury to the defense." *Id.* at 1423 (citations omitted).

Upon reviewing Plaintiffs' Response to the Order to Show Cause and examining the five "essential factors" set forth in *Henderson*, the Court finds that Plaintiffs' case should be dismissed for failure to prosecute. Plaintiffs have unreasonably delayed the filing of an amended complaint after the First Amended Complaint was dismissed on March 23, 2022. Despite being granted forty-nine days after the dismissal for the amendment, Plaintiffs failed to meet the Court's deadlines. To this day, almost nine months after the Court's order to amend the complaint, Plaintiffs still have not complied with the Court's order nor requested an extension of time to do so. Based on these facts, the Court finds that the public's interest in speedy litigation and the Court's need to manage its docket weigh in favor of dismissal. The Court also finds that prejudice to Defendants can be presumed from the length of this delay. Moreover, by not requesting an extension, Plaintiffs have requested no alternative sanction nor demonstrated a desire to prosecute this case. The Court, therefore, finds that dismissal is the appropriate sanction in this case.

///

///

Accordingly, the Court DISMISSES the case in its entirety with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. The Court DIRECTS the Clerk to enter a separate Clerk's judgment in favor of Defendants and close the case.

**IT IS SO ORDERED.**

Dated: 12/9/22

Honorable Jinsook Ohta
United States District Judge

3

20cv656-JO-DEB